UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM HILL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:21-cv-851 (KAD) |
| | : | |
| ROLLIN COOK, et al., | : | |
|     Defendants. | : | |

**INITIAL REVIEW ORDER**

**Preliminary Statement**

Plaintiff, William Hill ("Hill"), a prisoner currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Hill names three defendants: former Commissioner Rollin Cook, Warden Allison Black, and dentist Dr. George Bozzi. He contends that the defendants were deliberately indifferent to his serious dental needs. The complaint and filing fee were received on June 10, 2021.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient

facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

The incidents underlying this action occurred while Hill was confined as a pretrial detainee at Manson Youth Institute ("MYI") and New Haven Correctional Center ("NHCC"). While at MYI, the dentist classified Hill's dental needs as urgent and formulated a plan to address his entire mouth. Doc. No. 1 ¶¶ 2-3. On May 9, 2018, she extracted three teeth. *Id.* ¶ 4.

On Hill's twenty-second birthday, he was transferred from MYI to NHCC. *Id.* ¶ 5. Upon his arrival, Hill had a dental screening. *Id.* ¶ 6. Dentist Dr. Fisher noted a priority situation with a tooth that required immediate extraction and extracted that tooth. *Id.* ¶ 7. Dr. Fisher explained that he would not be treating Hill in the future as he was only covering for the regular dentist, Dr. Bozzi. *Id.* ¶ 8.

In October 2018, Hill began experiencing pain in his right upper teeth and gum. *Id.* ¶ 9. From October 2018 to March 2019, he submitted several dental requests seeking treatment but received no response. *Id.* During this time, Hill's pain worsened and affected his ability to eat and sleep, his face became swollen and liquid discharged from his gums. *Id.* ¶ 10. On May 2, 2019, Hill could not endure the pain and asked the block officer to call the medical unit. *Id.* The nurse diagnosed an infected abscess, obtained prescriptions for infection and pain from the doctor, and referred Hill to the dentist. *Id.*

On May 16, 2019, after hearing nothing from the dentist, Hill submitted requests to both the medical and dental units. *Id.* ¶ 11. The ibuprofen was not relieving his pain and he continued to have discharge from his gums. *Id.* On May 21, 2019, the doctor changed the pain medication and again referred Hill to the dentist. *Id.* ¶ 12. The dental unit did not respond. *Id.*

On May 21, 2019, upon returning to his cell, Hill filed a medical grievance seeking treatment with a dentist at UConn and referencing his history of dental pain and the many unanswered requests for dental treatment. *Id.* ¶¶ 13-14. On June 9. 2011, after receiving no response to his dental grievance, Hill submitted a similar grievance to the medical unit. *Id.* ¶ 15. On June 11, 2019, the medical unit prescribed Tylenol for pain and added Hill's name to the dental list, noting decaying teeth and infected gums. *Id.* ¶ 16.

On June 13, 2019, Dr. Bozzi saw Hill in response to the dental grievance. *Id.* ¶ 17. He took x-rays and prescribed Ibuprofen 800 mg for pain and clindamycin for infection but did not refer Hill to UConn. *Id.* ¶ 18.

On July 11, 2019, Hill asked the block officer to call the medical unit because his pain was unbearable. *Id.* ¶ 20. Although he was seen, medical staff could do nothing for him. *Id.* Upon returning to his cell, Hill wrote to Warden Black and submitted another grievance. *Id.* ¶ 21. Warden Black referred the request to Dr. Bozzi who responded on July 16, 2019. *Id.* at 79.

On July 12, 2019, Hill again asked the block officer to call the medical unit to address his severe pain and facial swelling. *Id.* ¶ 22. The medical staff prescribed antibiotics and made another dental referral. *Id.* In response to the letter, grievance, and referral, Hill was seen in the dental unit on July 16, 2019. *Id.* ¶ 23. He was prescribed the same ineffective pain medication and was not referred to UConn. *Id.*

On August 29, 2019, Dr. Bozzi saw Hill for his complaints of facial swelling. *Id.* ¶ 24. Dr. Bozzi told Hill he could do no dental procedures that day because he did not have an assistant. *Id.* He did not refer Hill to an outside dentist. *Id.*

On October 30, 2019, Hill was seen in the dental unit for pain. *Id.* ¶ 25. Dr. Bozzi again told Hill that he could perform no dental procedures because he still did not have an assistant. *Id.* He made no referrals. *Id.*

On November 20, 2019, a week after he was sentenced, Hill was called to the dental unit for a tooth extraction. *Id.* ¶ 26. Dr. Bozzi had an assistant that day. *Id.*

In his request of March 7, 2019, Hill reported his medical history of recurring bouts of MRSA. *Id.* ¶ 28. Despite this knowledge, the dental staff permitted three mouth infections without referring him to an outside dentist. *Id.* ¶ 29.

**Discussion**

Hill asserts claims for deliberate indifference to medical needs based on the following actions: (1) Commissioner Cook failed to provide appropriate dental staff, (2) Warden Black failed to refer Hill to an outside dentist when she was informed of inadequate dental staff at NHCC, and (3) Dr. Bozzi provided inadequate dental treatment for sixteen months and failing to send Hill to an outside dentist when he was aware there was no dental assistant to enable him to treat Hill. Hill also alleges that Warden Black and Dr. Bozzi violated his right to equal protection of the laws by waiting until after he was sentenced to treat him.

**Commissioner Cook and Warden Black**

Commissioner Cook and Warden Black cannot be held liable for the conduct of those beneath them in the chain of command simply because they hold supervisory positions. *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020). Prior to the Supreme Court's decision in *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009), the Second Circuit had identified five categories of conduct that could establish liability of supervisors for the conduct of a subordinate in a section 1983 action, two of which were creation of a policy under which unconstitutional acts occurred and failure to act on information that unconstitutional acts were occurring. *Id.* at 616. In *Iqbal,* the Supreme Court rejected a theory of supervisory liability that permitted a supervisor to be "held liable based on a lesser showing of culpability than the constitutional violation requires." *Id*. at 617 (quoting *Iqbal,* 556 U.S. at 677) (internal quotation marks omitted). In *Tangreti*, the Second Circuit adopted this view and held that, "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution."" *Id.* at 618 (quoting *Iqbal*, 556 U.S. at 676). Thus, Hill must plead and prove that Commissioner Cook and Warden Black were personally aware of and disregarded the alleged constitutional violations.

Hill alleges no facts suggesting that Commissioner Cook was personally aware of his dental issues while they were occurring or even that he informed the Commissioner about them afterward. Thus, he fails to state a cognizable claim against Commissioner Cook.

As to Warden Black, Hill alleges that he sent her a request in July 2019. Her awareness of his issues, however, is insufficient to state a cognizable claim. "A supervisor's 'mere knowledge of his subordinate's discriminatory purpose' is not sufficient because that knowledge does not amount[] to the supervisor's violating the Constitution." *Tangreti*, 983 F.3d at 616-17 (quoting *Iqbal*, 556 U.S. at 677)); *see also Lopez v. Chappius*, 2021 WL 859384, at *2 (W.D.N.Y. Mar. 8, 2021) (receipt of communication insufficient to show personal involvement; "Even before *Tangreti*, it was 'well-established that a supervisor's failure to respond to a letter of

complaint does not provide a sufficient basis to find the defendant was personally involved in the deprivation alleged.'") (citations omitted). Here, however, Warden Black did not ignore Hill's request. She directed it to Dr. Bozzi and Hill was seen a few days later. *See* Doc. No. 1 at 79. But this affirmative act does not make Warden Black personally involved in Hill's dental care. *See Rodriguez v. Rock*, No. 9:13-CV-01106(DNH/DEP), 2015 WL 5147045, at *6 (N.D.N.Y. Sept. 1, 2015) (where a supervisor's only involvement is referral of correspondence to appropriate staff, supervisor has insufficient personal involvement to support a section 1983 claim) (citing cases). And the fact that Warden Black did not respond in the way Hill would have preferred, does not establish a constitutional violation.

The claims against Commissioner Cook and Warden Black are dismissed.

**Deliberate Indifference to Dental Needs**

Hill contends that Dr. Bozzi was deliberately indifferent to his dental needs in violation of his rights under the Eighth Amendment. During the time he was denied dental treatment, however, Hill was a pretrial detainee. Thus, his claim is cognizable under the Fourteenth, not the Eighth, Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment while claims of pretrial detainees are considered under the Fourteenth Amendment).

To state a deliberate indifference claim, Hill first must allege facts showing that the challenged condition "pose[d] an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness." *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)) (internal quotation marks omitted). "[T]he conditions themselves must be evaluated in light of contemporary standards of decency." *Id.*

(citation and internal quotation marks omitted). This inquiry focuses on the "severity and duration" of the conditions, "not the detainee's resulting injury." *Id.* (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)). Hill also must show that "the defendant-official acted intentionally to impose the alleged condition" or that he "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

A condition is objectively serious if it "pose[s] an unreasonable risk of serious damage to [a prisoner's] future health." *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2001) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). Thus, the first component "relates to the seriousness of the injury" or the risk to the inmate. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994).

Plaintiff alleges that he suffered from severe dental pain and infections for sixteen months before Dr. Bozzi extracted his tooth. He also alleges that other dentists rated the conditions as urgently needing treatment. *See, e.g., Mendoza v. McGinnis*, 9:05-CV-1124(TJM/DEP), 2008 WL 4239760, at *9 (N.D.N.Y. Sept. 11, 2008) (severe dental issues are serious dental needs) (citations omitted). Hill has plausibly alleged that he had a serious dental need.

Plaintiff must next allege sufficient facts to show that Dr. Bozzi acted intentionally or recklessly failed to act with reasonable care to mitigate the risk posed by the condition. Hill alleges that he began submitting requests for dental treatment in October 2018 but was not seen by Dr. Bozzi until June 2019. Dr. Bozzi saw Hill in August and October 2019 but refused to

perform dental procedures at those visits because he did not have a dental assistant. He did not refer Hill to UConn or another facility for treatment. Even if Dr. Bozzi was unaware of Hill's issues until he saw Hill in June 2019, which cannot be known at this juncture, he failed to provide treatment on that date, called Hill to the dental unit on two occasions when he ostensibly knew he would not perform any dental procedures, and then did not perform the required procedure for five months. Hill has plausibly alleged that Dr. Bozzi was aware of Hill's dental issues and severe pain and either intentionally or recklessly failed to act to with reasonable care to mitigate the risk to Hill from his condition. The deliberate indifference claim will proceed against Dr. Bozzi.

**Equal Protection**

Hill also contends that Warden Black and Dr. Bozzi violated his right to equal protection of the laws because Dr. Bozzi did not extract his tooth until after he was sentenced.

Generally, to state an equal protection claim, a plaintiff "must allege facts showing that: (1) he was treated differently from similarly situated individuals and (2) that the difference in or discriminatory treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Nicholson v. Hannah*, No. 3:20-cv-209(JAM), 2020 WL 3086022, at *5 (D. Conn. 2020) (citations omitted).

Hill does not allege that he is a member of a suspect class or that the defendants acted with malice, bad faith or an intent to injure. More problematic however is that Hill does not allege that he was treated differently from other similarly situated persons. He has not identified any similarly situated inmates who were treated differently, i.e. pretrial detainees with similar

dental needs who received prompt and necessary dental work.

An equal protection claim also may be based on a claim that the inmate has been "irrationally singled out as a class of one." *Id.* at *5. "To succeed on such a claim, plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Progressive Credit Union v. City of New York*, 889 F.3d 40, 49 (2d Cir. 2018) (internal quotation marks and citation omitted). The "plaintiff must be *prima facie* identical to the persons alleged to receive irrationally different treatment." *Id.* (internal quotation marks and citation omitted). Again, Hill identifies not a single comparator. Thus, he fails to state a plausible equal protection claim.

**Official Capacity Claims**

The above claims for damages aside, Hill also seeks declaratory and injunctive relief against the defendants in their official capacities.

Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationship." *Colabella v. American Inst. of Certified Pub. Accountants*, 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citation omitted). As such, "[d]eclaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages." *Orr v. Waterbury Police Dep't*, 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018). In *Orr*, the court dismissed the request for declaratory judgment that the defendants had violated the plaintiff's Fourth Amendment rights during his arrest because the request "concern[ed] past actions." *Id.* Hill seeks declaratory relief based on past actions, asking the Court to declare that

the actions alleged violated his constitutional rights. Thus, the request for declaratory relief is dismissed.

Hill asks the court to order Warden Black and Dr. Bozzi to provide him pain medication and an outside dental consultation to obtain a dental treatment plan. However, this request for relief is moot insofar as Hill has been transferred to Cheshire Correctional Institution. *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)( an inmate's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials at that facility.); *Lapierre v. Lavalley*, No. 9:15CV1499(MAD/DJS), 2016 WL 4442799, at *3 (N.D.N.Y. Aug. 23, 2016) (plaintiff could not seek injunctive relief over correctional staff at prison to which he had been transferred as they were not defendants in the case and could not seek injunctive relief against staff at former facility because transfer mooted request for injunctive relief). Hill's request for injunctive relief is dismissed.

**Orders**

All claims against defendants Cook and Black, the equal protection claim, and the requests for declaratory and injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). **The Clerk of the Court is directed to terminate defendants Cook and Black.** The case will proceed on the deliberate indifference to dental needs claim against Dr. Bozzi in his individual capacity.

The court enters the following additional orders.

(1) As Hill paid the filing fee to commence this action, he is directed to effect service of the Complaint and this Order on defendant Bozzi in his individual capacity in accordance with Federal Rule of Civil Procedure 4 and file a return of service within **ninety (90) days** of the date

of this order. Failure to do so will result in the dismissal of this action. Hill shall file a notice indicating the date on which he mailed the notice of lawsuit and waiver of service of summons forms to the defendant and shall file the waiver of service of summons form when he receives it. If the defendant fails to return a signed waiver of service of summons form, Hill shall arrange for in-person service on the defendant in accordance with Federal Rule of Civil Procedure 4.

(2)  T**he Clerk shall** send Hill a copy of this Order, instructions on effecting service, a notice of lawsuit form and a waiver of service of summons form.

(3)  **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)  The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **January 29, 2022**. Discovery requests need not be filed with the court.

(6)  All motions for summary judgment shall be filed **February 28, 2022**.

(7)  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)  If Hill changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Hill must give notice of a new address even if he is incarcerated. Hill

should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Hill has more than one pending case, he should indicate all the case numbers in the notification of change of address. Hill should also notify the defendants or the attorney for the defendants of his new address.

(9) Hill shall utilize the Prisoner Efiling Program when filing documents with the court. Hill is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(10) The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Hill.

**SO ORDERED** this 29th day of June 2021 at Bridgeport, Connecticut.

/s/
Kari A. Dooley
United States District Judge